UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KEENAN R. HAUKE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-04533-TWP-DML |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Dismissing Motion for Relief Pursuant to 28 U.S.C. § 2255
and Directing Entry of Final Judgment**

This matter is before the Court on Petitioner Keenan R. Hauke's ("Hauke") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The Motion challenges Hauke's conviction for securities fraud, in *United States v. Hauke*, 1:11-cr-00235-TWP-KPF-1 ("Cr. Dkt."). Hauke alleges that his defense attorney provided ineffective assistance of counsel by commencing a romantic affair with Hauke's wife while still representing Hauke. For the reasons discussed below, Hauke's motion is **denied**.

**I. Factual and Procedural Background**

Between 1999 and 2011, Hauke was a registered agent and investment advisor in Fishers, Indiana. In 1999, he founded Samex Capital, as well as a hedge fund, Samex Capital Partners. Hauke was the Chief Executive Officer of the hedge fund and operated it himself. In 2011, the Federal Bureau of Investigation partnered with the Securities Division of the Indiana Secretary of State's Office began a fraud investigation concerning Hauke's business activities. In April 2011, Hauke retained the services of attorney Larry Mackey ("Mackey") to represent him in the investigation and impending prosecution. During this representation, Mackey arranged for Hauke to meet with the government to make a proffer statement. Mackey advised Hauke that he should

admit his crime and Mackey counseled Hauke as to his expectations regarding plea negotiations. Unbeknownst to Hauke, during Mackey's representation, Mackey began a romantic relationship Hauke's wife, Sarah. When Hauke discovered romantic email communications between Mackey and Sarah, the attorney client relationship was dissolved. The two parted ways in July 2011, thereafter, Juval Scott ("Scott") of the Indiana Federal Community Defenders, Inc. represented Hauke.

On December 13, 2011, Hauke was charged by Information with securities fraud in violation of 18 U.S.C. § 1348(2). He pleaded guilty and was sentenced to 121 months imprisonment on April 23, 2012. (Cr. Dkt. 37). The judgment was amended on May 14, 2012. (Cr. Dkt. 39). Hauke's plea agreement contained an appeal waiver, and an agreement that he would not contest or seek to modify his conviction or sentence in any collateral attack, including an action brought under 28 U.S.C. § 2255. (Cr. Dkt. 6 at 4).

On December 6, 2017, Hauke, *pro se*, filed the instant § 2255 motion seeking to vacate his sentence. (Dkt. 1). He alleges that Mackey, while serving as his defense attorney, provided ineffective assistance of counsel because Mackey started a romantic affair with Hauke's wife during that representation, and as a result, Mackey provided legal advice against Hauke's best interest. Because Mackey threatened to withdraw financial support for Hauke's children if Hauke took any actions against Mackey, Hauke delayed taking any actions.[1] In addition, Hauke delayed filing a § 2255 motion because he only recently learned that he could challenge his conviction through a § 2255 motion. (Dkt. 1 at 7).

---

[1] Specifically, Hauke alleges: "I saw Mackey on December 1, 2012 and told him that I was considering filing a complaint against him. At that point, he and my ex-wife Sarah, had been married for about 6 months. He told me that if I took any negative action against him he would remove all financial support for my 3 boys. As I was less than a year into a long sentence and with no means to take care of my children, I listened to his threat and took no action." (Dkt. 2 at 2).

In Response, the Respondent argues that Hauke's motion is time-barred under 28 U.S.C. § 2255(f) and that it was not Mackey, but Scott, who represented Hauke when Hauke pleaded guilty. (Dkt. 17). The Court appointed counsel, Brent Westerfeld, to represent Hauke before Hauke's reply was due to be filed. The Court granted appointed counsel's request to conduct discovery and amend Hauke's § 2255 motion. (Dkts. No. 28 & 53). Appointed counsel was given until June 16, 2019 to file a reply and/or amend the § 2255 motion. (Dkt. No.68). The deadlines to do so have passed and the motion is ripe for review.

On December 5, 2019, the Indiana Supreme Court Disciplinary Commission filed a disciplinary complaint which documents allegations against Mackey that he engaged in a romantic relationship with Hauke's wife while still representing Hauke. *See* case no. 19S-DI-00646, available at https://publicaccess.courts.in.gov/docket/Search/Detail?casenumber=x7ZQfM sr8eCV149zTojl8oSYvTyIAkwdm2kf3irvzl81.

## II. Discussion

As argued by the Respondent, Hauke's § 2255 motion is untimely. 28 U.S.C. § 2255(f) provides the applicable statute of limitations for filing a § 2255 motion:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> **(1)** the date on which the judgment of conviction becomes final;
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A judgment of conviction becomes final when the conviction is affirmed on direct review or when the time for perfecting an appeal expires. *Clay v. United States,* 537 U.S. 522, 527 (2003).

An amended judgment was issued in this case May 14, 2012. (Cr. Dkt. 38), thus, Hauke's conviction became final when his time to appeal expired fourteen days later. He therefore had until May 28, 2013, to file a § 2255 motion.

The limitation period, however, is not jurisdictional and it can be equitably tolled. *Boulb v. United States,* 818 F.3d 334, 339 (7th Cir. 2016) (*citing Holland v. Florida,* 560 U.S. 631, 645 (2010)). But equitable tolling is "reserved for extraordinary circumstances far beyond the litigant's control" which prevented him from filing the petition on time. *Id.* (*quoting Socha v. Boughton,* 763 F.3d 674, 684 (7th Cir. 2014)). Equitable tolling is available when an applicant shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005); *Gray v. Zatecky*, 865 F.3d 909, 912 (7th Cir. 2017) (quoting *Holland*, 560 U.S. at 649). The realm of equitable tolling is a "highly fact-dependent area in which courts are expected to employ 'flexible standards on a case-by-case basis.'" *Gray*, 865 F.3d at 912 (quoting *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2014)).

Hauke argues that he could not timely file his 2255 Motion for two reasons. First, he was coerced to not file anything because Mackey threatened to withdraw financial support for his children if Hauke filed a complaint against Mackey. (Dkt. 1 at 6-7). In particular, Hauke reports that he was just beginning a long prison sentence and he was afraid that his children would be destitute if Mackey withdrew from contributing to their support. Although Mackey had not retracted the alleged threat, by 2017, Hauke hoped that enough time had passed and that Mackey now "cared too much" for the children to withdraw financial support from them[2]. *Id*. Second, in

---

[2] Mackey and Sarah married in June 2012. (Dkt. 1 at 6).

late 2017, Hauke learned from a recently transferred inmate "how a 2255 filing might help him." *Id*.

Hauke's assertion of equitable tolling is like a claim of equitable estoppel where a defendant is estopped from raising the statute of limitations as a defense because the defendant actively prevented the plaintiff from timely filing suit. *See Brademas v. Indiana Hous. Fin. Auth.*, 354 F.3d 681, 687 (7th Cir. 2004). The Court is not aware of any case granting equitable tolling in the context of a § 2255 motion where the petitioner alleges that his trial counsel threatened him. But even if such threats would support a claim of equitable tolling, Hauke's filings indicate that at least by November 2016, the alleged threats did not affect his ability to seek relief or "take negative action" against Mackey. By that time, Hauke had already filed a disciplinary complaint against Mackey. (*See* Dkt. 2-1) (Letter from G. Michael Witte, Executive Director Indiana Disciplinary Commission, explaining that Hauke's November 7, 2016 disciplinary complaint against Larry Mackey has been dismissed); (*See* Dkt. 63-1) (Hauke's handwritten filing in his divorce proceeding addressing a claim he had filed against Larry Mackey before November 23, 2016). Therefore, Hauke cannot show that he "pursu[ed] his rights diligently." *Socha*, 763 F.3d at 683 (quoting *Holland,* 560 U.S. at 649). He waited more than a year after filing a disciplinary complaint against Mackey to file his § 2255 motion.

Hauke states that he was unaware he could file a § 2255 motion until late September 2017. (Dkt. 1 at 7). His plea agreement contained an appeal waiver, in which Hauke agreed not to contest or seek to modify his conviction or sentence in any collateral attack, including an action brought under 28 U.S.C. 2255. (Cr. Dkt. 6 at 4). The Court acknowledges that a waiver of right to seek collateral relief does not extend to claims of involuntariness or ineffective assistance of counsel, and this term in his plea agreement was misleading and inconsistent with Seventh Circuit

precedent. See *United States v. Jones*, 167 F.3d 1142, 1145 (7th Cir. 1999)(we hold that Jones was entitled to file a petition under § 2255 challenging the cooperation agreement on the grounds of involuntariness and ineffective assistance of counsel). But Hauke does not argue that he was deterred from filing his § 2255 motion because he was not allowed to do so under the terms of his plea agreement. Regardless, "it is established that prisoners' shortcomings of knowledge about the AEDPA or the law of criminal procedure in general do not support tolling." *Davis v. Humphreys*, 747 F.3d 497, 500 (7th Cir. 2014).

For these reasons, the Court determines that Hauke is not entitled to equitable tolling and his motion for relief pursuant to 28 U.S.C. § 2255 is **denied** as untimely.

### III. Conclusion

For the reasons stated above, Hauke is not entitled to relief on his § 2255 motion and his motion for relief pursuant to § 2255 is **denied** because it is untimely. Judgment consistent with this Order shall now issue and a copy of this Order **shall be filed** in Hauke's criminal case, No. 1:11-cr-00235-TWP-KPF-1. The motion to vacate, Cr. Dkt. 48, shall also be terminated in the underlying criminal action.

### IV. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c). The Court does not find that no reasonable jurist would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **grants** Hauke a certificate of appealability.

**IT IS SO ORDERED.**

Date: 5/13/2020

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

E. Davis Coots
COOTS HENKE & WHEELER, P.C.
dcoots@chwlaw.com

J. Richard Kiefer
DENTONS BINGHAM GREENEBAUM LLP (Indianapolis)
richard.kiefer@dentons.com

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov

Brent Westerfeld
blwesterfeld@gmail.com

Jeffrey S. Zipes
COOTS HENKE & WHEELER
jzipes@chwlaw.com